GeeeN, J.
delivered the opinion of the court.
The'only question in this case is, whether a party who may have availed himself of an occupant preference in the Ocoee district under the act of l837, is authorized by the act of 1839, if he were in possession of other vacant land at the passage of said act, to have a preference or priority of entry of such land so possessed.
*43 The Circuit Judge told the jury, that such preference would exist, and we think rightly.
By the 5th section of the act of 1837, ch. 11, a preference of entry is allowed to any person, except a Cherokee Indian, who was in the actual possession of any vacant and unappropriated land in said district at the time of the passage of the act.
The act of 1839, ch. 8, was passed to amend the act of 1837, ch. 11; but it provides, that every person in the actual possession of any vacant and unappropriated land in the Ocoee district, shall, from and after the passage of the act, be entitled to a preference of entry at such prices and at such times, and with such other benefits and under such other restrictions, as are prescribed by the act of 1837. The right to an occupancy conferred by this act, is not, by its provisions, nor by any fair inference, made to depend upon the fact, that the occupant had enjoyed no similar benefit under the act of 1837. The right is conferred, without qualification, upon every person who should be in the possession of vacant land, at the time of its passage; but that right is to be enjoyed subject to the restrictions which are prescribed by the act of 1837, in relation to occupant rights under that act.
The restrictions in the act of 1837 do not prohibit a party from a right of occupancy, should he have enjoyed that benefit under the provisions of some prior act. If it did, then the argument- for the plaintiff in error would be sound; for the act of 1839 imposes such restrictions, and such only, as are prescribed in the act of 1837. The act of 1837 prohibits a party from proving more than one occupant right, and this restriction exists in the act of 1839; but as this restriction, by the act of 1839, applies only to occupant rights acquired under that act, so in the act of 1839 it is confined to rights acquired by the fact of possession at the date of its passage.
We think there is no error in the judgment, and order that it be affirmed.